Arthur G. Klein, J.
This case was tried before me without a jury. The action is by a divorced wife to recover from her *748 former husband one half of the proceeds received by him in settlement of a personal injury action. The complaint alleges that the parties were husband and wife, that prior to March 18,1960, the defendant abandoned the plaintiff and that plaintiff notified the defendant that she intended to proceed in Alabama to procure a divorce. It is alleged further, that the parties agreed that plaintiff would not seek alimony, and in consideration thereof, the defendant would pay to the plaintiff one half of any amount collected by the defendant in the personal injury action.
The plaintiff has failed to sustain the burden of proof that any such agreement was made. The plaintiff claims the agreement was oral. She has produced no corroboration of her story. The defendant unequivocally denies that any such agreement was made. I place more credence in his testimony than in that of the plaintiff. Moreover, even if her version of the alleged agreement were accepted, the agreement would be violative of the provisions of section 51 of the Domestic Relations Law which provides, as far as applicable, that “ a husband and wife cannot contract * * * to relieve the husband from his liability to support his wife ”. Such an agreement is invalid and unenforcible since it attempts to relieve the husband from his liability to support rather than make provision for maintenance and support. (See Trifaro v. Trifaro, 12 Misc 2d 233.) Judgment is accordingly awarded in favor of the defendant dismissing the complaint on the merits, on the law and the facts.